# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:10-CV-208-DSC

**DEBRA KEETER, Administrator of the Estate of Terry Adam Boone,**

   **Plaintiff,**

 v.

**SCOTT L. BARNES, et al.,**

   **Defendants.**

**CONSENT PROTECTIVE ORDER**

Documents and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which documents and information relate to employee personnel matters that may be disclosed only under court order, pursuant to N.C.G. S. §160A-168. The parties have sought such an order so as to be in compliance with this statute.

By consent, IT IS HEREBY ORDERED THAT:

1. Personnel information is information which concerns or relates to an individual's application, selection or non-selection, promotions, demotions, transfers, leave, salary, suspension, job performance, disciplinary actions and termination of employment wherever located and in whatever form. This information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) audio or video recordings depicting police personnel, (d) Internal Affairs investigative files and the information contained therein, and (e) any other similar documents.

2. Any such personnel information obtained in this action which is asserted by Defendants City of Gastonia or Scott Barnes to contain or constitute confidential personnel information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL, PROTECTIVE ORDER," or a comparable notice.

3. In the absence of written permission from the entity maintaining the personnel information or an order by the Court, any confidential personnel information obtained in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) the parties to this action and their counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; (v) witnesses who may see their own personnel records. Any confidential personnel information shall be used solely for the purpose of this original action and in preparation for trial. Nothing in this Order is intended to interfere with an individual employee's right to examine his own personnel file and the right of the City of Gastonia, or its designated representatives, from examining personnel information to the extent permitted by law.

4. Personnel information obtained in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3 (iv) unless he or she shall have first read this Order and shall have agreed, by letter submitted to counsel for the City of Gastonia: (i) to be bound by the terms thereof, (ii) not to reveal such confidential personnel information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential personnel information solely for purposes of this litigation.

5. If the Court orders, or if Defendants City of Gastonia and Scott Barnes agree, that

access to, or dissemination of, information obtained as confidential personnel information shall be made to persons not included in paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

6. Any confidential personnel information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with this action containing any confidential, personnel information submitted pursuant to paragraph 2 shall be bound separately and filed under seal. When any confidential personnel information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "PERSONNEL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

7. If confidential personnel information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the Court and opposing counsel, and without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

8. Upon final adjudication of this action, all confidential personnel file information subject to the provisions of this Order (including any copies made and/or computer materials made or stored) shall be disposed of in the manner provided by a separate final Order to issue from this Court.

**SO ORDERED**.  Signed: August 5, 2010

_____
David S. Cayer
United States Magistrate Judge

CONSENTED TO BY:

**/s/ Henderson Hill**
**/s/ Jake Sussman**

_____
Henderson Hill
Jake Sussman
Attorneys for Plaintiff


**/s/ Scott D. MacLatchie**

_____
Scott D. MacLatchie
Attorney for Defendants