IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10CV208-DSC

| | |
|---|---|
| **DEBRA KEETER, Administrator of the ESTATE OF TERRY ADAM BOONE,** )<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| v. )<br>) | **MEMORANDUM AND ORDER** |
| **SCOTT L. BARNES, in his Individual and Official Capacity, and THE CITY OF GASTONIA,** )<br>)<br>)<br>)<br>) | |
| **Defendants.** )<br>)<br>) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Compel Production [of Documents]" (document #17); and the parties' associated briefs and exhibits. See documents ##18-19, 25, and 27.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c)

Whether to grant or deny a motion to compel discovery is generally left within the District Court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving discovery issues); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

At the parties' request, the Court has conducted an in camera review of the documents at issue. After a careful review, the Court orders Defendants to produce the following documents:

1. A.1[1]
2. A.2
3. A.8
4. A.21
5. A.22
6. A.23
7. A.26
8. A.27
9. A.28
10. A.29
11. A.30
12. A.31
13. A.32
14. A.33

---

[1] The Court is using the document identifications given by the parties in their briefs.

15. A.34

16. A.35

17. A.36

18. A.37

19. C.1

Defendants may designate any or all of the produced documents as "CONFIDENTIAL" under the terms of the Consent Protective Order (document #12) entered on August 5, 2010. Defendants are further <u>ordered</u> to redact the names of non-parties from the following documents: A23, A26, A27, A28, and A37. Plaintiff will be permitted, however, to question deponents concerning the identities of such persons, to the extent their identities are known to the deponent.

**NOW THEREFORE, IT IS ORDERED**:

1. "Motion to Compel Production [of Documents]" (document #17) is **GRANTED IN PART** and **DENIED IN PART**, that is: <u>Defendants are **ORDERED** to produce the documents specified above within 10 days of the date of this Order</u>.

2. The discovery deadline is extended to February 28, 2011, the mediation deadline is extended to March 10, 2011, and the dispositive motions deadline is extended to March 31, 2011.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.     Signed: January 13, 2011

_____
David S. Cayer
United States Magistrate Judge